IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| PABLO BARRIOS-MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-228 |
| | § | Criminal No. B:16-1095-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 3, 2017, Petitioner Pablo Barrios-Martinez filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied as meritless because Barrios-Martinez's claims are unsupported by the record.

### I. Procedural and Factual Background

On December 8, 2016, a federal grand jury – sitting in Brownsville, Texas, – indicted Barrios-Martinez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Barrios-Martinez, Criminal No. 1:16-1095-1, Dkt. No. 7 (hereinafter "CR").

---

[1] While the indictment also alleged that Barrios-Martinez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

### A. Re-Arraignment & Sentencing

On January 31, 2017, Barrios-Martinez appeared before the District Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 43.

In the final presentence report ("PSR"), Barrios-Martinez was assessed a base offense level of eight. CR Dkt. No. 27, pp. 4-5. He was also assessed a 8-level enhancement because he had a prior felony conviction, that he committed after he had first been removed from the United States. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Barrios-Martinez was assessed a total offense level of 13. Id.

Regarding his criminal history, Barrios-Martinez had one adult criminal conviction and was assessed three criminal history points. CR Dkt. No. 27, p. 6-7. He was assessed an additional two criminal history points because he was on federal supervised release at the time he committed the instant offense. Id. Thus, he was assessed five total criminal history points, resulting in a criminal history category of III. An offense level of 13 and criminal history category of III, produced a sentencing guideline imprisonment range of 18 to 24 months.

On April 18, 2017, the Court issued an order, informing the parties that it was considering an upward departure from the sentencing guidelines. CR Dkt. No. 25.

On July 11, 2017, the Court held the sentencing hearing. CR Dkt. No. 44. At the sentencing hearing, Barrios-Martinez's defense counsel informed the Court that Barrios-Martinez had returned to the United States to "hopefully make some money for [his] parents." Id, p. 4. Counsel provided a letter from the doctor treating Barrios-Martinez's mother, indicating that her treatment cost around 50 thousand pesos per month. Id, pp. 6-7. Counsel asked that the Court not upwardly depart, but sentence him at the low end of the guideline sentencing range, given the personal circumstances that led Barrios-Martinez to return to this country illegally.

The Court sentenced Barrios-Martinez to 24 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted.

CR Dkt. No. 44.[2] The judgment was entered on July 25, 2017. CR Dkt. No. 23.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Barrios-Martinez's deadline for filing a notice of direct appeal passed on August 8, 2017. Id.

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On November 3, 2017, Barrios-Martinez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Barrios-Martinez raises two claims: (1) his sentence was excessive, because "the Court punished me more because of my previous case which I served time for"; and, (2) his attorney was ineffective for failing to ask the Court to consider the proper sentencing factors under 28 U.S.C. § 3553. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Barrios-Martinez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[2] Additionally, Barrios-Martinez's supervised release, for his prior drug trafficking conviction, was revoked and he was sentenced to six months of incarceration, with all six months to be served consecutively to his sentence in the instant case. CR Dkt. No. 44, pp. 9-10.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

4

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Barrios-Martinez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Excessive Sentence**

Barrios-Martinez asserts that his sentence is excessive. This claim is meritless.

Barrios-Martinez argues that his sentence was unfair. The basis for this claim is that Barrios-Martinez has already served his time for the earlier conviction. In essence, Barrios-Martinez is claiming that he is being subjected to double jeopardy, based upon his belief that he has been sentenced twice for the prior act. Despite this argument, the Fifth Circuit has previously held that "double jeopardy principles are not offended by the use of prior convictions to enhance subsequent convictions." U.S. v. Simpson, 796 F.3d 548, 555 (5th Cir. 2015). Thus, the claim is legally meritless.

Furthermore, a sentence within the appropriate guideline sentence range – in this case 18-24 months – is presumptively reasonable. U.S. v. Mondragon-Santiago, 564 F.3d 357, 360 (5th Cir. 2009). Barrios-Martinez was sentenced to 24 months imprisonment, which was within the guideline sentencing range. Moreover, he has failed to submit any evidence that would rebut this presumption of reasonableness. Accordingly, it must fail. Based upon these consideration, the excessive sentence claim is meritless and should be denied.

### B. Ineffective Assistance of Counsel

Barrios-Martinez contends that his attorney was ineffective for failing to argue that his sentence was excessive, given his personal circumstances. This claim is belied by the record.

As an initial matter, Barrios-Martinez's counsel did inform the Court that Barrios-Martinez came to this country in an effort to pay his mother's medical bills and provide for his family. Counsel also informed the Court that Barrios-Martinez suffered from a "work-related injury" that caused him "some medical problems." CR Dkt. No. 44, p. 4. Thus, his claim is belied by the record as counsel made the arguments that Barrios-Martinez contends she was ineffective for failing to make.

Moreover, Barrios-Martinez's counsel was not ineffective. In order to establish prejudice in the context of sentencing, Barrios-Martinez must prove that there is a reasonable probability that, but for counsel's errors, his sentence would have been less harsh. Glover v. U.S., 531 U.S. 198, 200-04 (2001). The facts of this case indicate that the opposite occurred – that because of counsel's arguments, Barrios-Martinez received a lesser sentence.

The Court clearly expressed a willingness to impose a harsher sentence on Barrios-Martinez, warning the parties that it was considering issuing a sentence in excess of the guideline sentencing range. CR Dkt. No. 25. Despite this stated willingness, Barrios-Martinez's counsel persuaded the District Judge not to sentence Barrios-Martinez to imprisonment beyond the guideline sentencing range. CR Dkt. No. 44. Indeed, on its face the record reflects that Barrios-Martinez's counsel successfully convinced the Court that such a sentence was unnecessary because of Barrios-Martinez's personal circumstances. Such a result can be described in many ways, but it is clearly neither deficient performance nor prejudicial to Barrios-Martinez. This claim is meritless and should be denied.

## IV. Recommendation

Wherefore, it is recommended that the Petitioner Pablo Barrios-Martinez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

## A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Barrios-Martinez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Barrios-Martinez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

## B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on November 8, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge